# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER**, | : | **CIVIL ACTION NO. 3:11-CV-1882** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **FEDERAL BUREAU OF PRISONS, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Johnny Ray Chandler ("plaintiff"), an inmate presently incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), filed this Bivens[1] civil rights complaint on October 12, 2011. (Doc. 1). Presently pending is "plaintiff's motion to amend the complaint and supplement the pleadings" (Doc. 20), which will be construed as a motion to supplement the pleadings based on plaintiff's supporting brief, wherein he indicates that he is moving pursuant to Federal Rule of Civil Procedure 15(d). (Doc. 23, at 2.) For the reasons set forth below, the motion will be denied and the supplements (Docs. 20, 23, 25, 28, 30, 32, 37) will be stricken from the record.

---

[1] Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Also pending is defendants' motion for an extension of time to file an answer (Doc. 33) and plaintiff's motion for default judgment (Doc. 34). The motion for an extension of time to file an answer will be granted and the motion for default judgment will be denied.

## I.     Background

Plaintiff's original complaint includes three separate claims. (Doc. 1.) He first alleges that, while incarcerated at USP-Lewisburg, the Federal Bureau of Prisons and Officer Shoultz were deliberately indifferent to his safety and medical needs on the morning of August 16, 2011, following a sexual assault by his cellmate. (Doc. 1, at 2-4.) In his second claim, he alleges that Warden Bledsoe and Captain Trait placed him "in imminent danger of serious physical harm" and violated his right to equal protection when they confiscated the "standardized mattresses 4 ½ to 5" thick" in the Special Management Unit ("SMU") and replaced them with mattresses that were only 1 ½" thick. (Id. at 2, 6.) His final claim contains allegations of cruel and unusual punishment. (Id. at 2, 8.) He alleges that in June, 2011, he was housed with an inmate who physically assaulted him and deprived him of food. (Id. at 8.) He alleges that although he is no longer celled with that inmate, they are housed on the same unit and he fears for his safety.

Over the course of the past few months, plaintiff has filed a number of supplements to the complaint raising a multitude of claims. He alleges that orthopedic surgeon David Ball and physician's assistant Francis Fasciana were deliberately indifferent to his medical needs following a January 4, 2013, surgery on

his left hand. (Doc. 20, at 1-3; Doc. 25, 3-5.) He seeks to add a procedural due process claim against J.L. Norwood, B. A. Bledsoe, Margaret Connors, and J.E. Thomas, Warden based on the imposition of sanctions. (Doc. 23, at 3-5.) He alleges that Officer Mr. C. Heintzelman used excessive force against him in removing him from his cell for a cell search on April 25, 2012. (Doc. 28, at 3-4.) He states that the United States Parole Commission, the Federal Bureau of Prisons, J.L. Norword, B.A. Bledsoe, J.E. Thomas, and Thomas R. Kane, violated his Fifth and Fourteenth Amendment procedural due process rights, and his First Amendment rights in the context of his parole hearings and requests for visitation. (Doc. 30; Doc. 32.) Most recently, he filed a supplement alleging that psychologists Danielle Mink and Kent Cannon were deliberately indifferent to his serious mental health condition. (Doc. 37.)

Summonses were issued on January 8, 2013. (Doc. 17). A waiver of service was filed on behalf of the defendants on January 18, 2013. (Doc. 19.) On March 14, 2013, defendants sought an enlargement of sixty days to file an answer based on plaintiff's motion to supplement and the multiple supplements filed. (Doc. 33). On March 18, 2013, plaintiff moved for default judgment based upon defendants' failure to file a timely answer. (Doc. 34.)

## II. Discussion

### A. Motion to Supplement

Rule 15(d) governs submission of supplemental pleadings and provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED.R.CIV.P. 15(d). A supplemental complaint "refers to events that occurred after the original pleading was filed." Owens–Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188–89 (3d Cir.1979); see also Moore's Federal Practice 3d § 15.30 ("Rule 15(d) applies only to events that have occurred since the date of the filing of the pleadings."). Thus, the purpose of the Rule "is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." Carl Zeiss Meditec v. Xoft, Inc., No. 10–308, 2011 U.S. Dist. LEX IS 36785, at *4 (D. Del. April 5, 2011) (citation omitted).

Decisions regarding motions to supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. See, e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267 (3d Cir. 2001). Factors to be considered by the Court in making this determination are the same as those to be considered in motions to amend, including the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to

4

supplement the complaint, any resulting prejudice to the other parties in the action, and whether the supplement would be futile. Hassoun v. Cimmino, 126 F. Supp.2d 353, 360 (D.N.J. 2000); Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D.Pa. 1988). While supplemental complaints are not barred merely because they set forth new claims, "when the matters alleged in a supplemental pleading have no relation to the claim set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, Federal Practice & Procedure: Civil § 1506 at 551 (1971).

In the matter *sub judice*, proper exercise of the Court's discretion calls for denial of plaintiff's motion to supplement as the various claims raised in the supplements bear no relation to the claims set forth in the original complaint, and joinder of the additional defendants will not promote judicial economy or the speedy resolution of the dispute. Consequently, the matter will proceed on the original complaint.

### B. Motion for Default Judgment

Although the waiver of service indicates that an answer or responsive pleading is due within sixty days of January 10, 2013 (Doc. 19), Rule 12(a)(3) of the Federal Rules of Civil Procedure states that when United States Officers or Employees are sued in their individual capacity, an answer to the complaint must be served within sixty days after service on the United States Attorney. The United States Attorney's Office was served on January 14, 2013 (Doc. 19; Doc. 33, ¶ 4);

5

therefore, defendants' answer was due on or before March 15, 2013. (Doc. 19.) Defendants timely filed their motion for an extension of time on March 14, 2013. (Doc. 33). Plaintiff's motion for default will therefore be denied and the motion for an extension of time to file an answer will be granted.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:      April 25, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER**, | : | **CIVIL ACTION NO. 3:11-CV-1882** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **FEDERAL BUREAU OF PRISONS**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 29th day of April, 2013, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's motion to supplement (Doc. 20) is DENIED. The matter shall proceed on the original complaint (Doc. 1).

2. The Clerk of Court is directed to STRIKE the supplements (Docs. 20, 23, 25, 28, 30, 32, 37) from the record and return them to plaintiff.

3. Defendants' motion for an extension of time to file an answer (Doc. 33) is GRANTED to the extent that defendants will be afforded until May 28, 2013, to file an answer to plaintiff's original complaint (Doc. 1).

4. Plaintiff's motion for default judgment (Doc. 34) is DENIED.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge