## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER,** | : | **CIVIL ACTION NO. 3:11-CV-1882** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| **et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 7th day of November, 2013, upon consideration of the motion

(Doc. 38) to reassess and revoke plaintiff's *in forma pauperis* status pursuant to

28 U.S.C. § 1915(g)[1] because plaintiff has had at least three civil actions dismissed as

frivolous, malicious or for failure to state a claim, <u>see</u> <u>Chandler v. Hammon</u>, D.D.C.

Civ. No. 95-cv-01425 (ordere entered 8/2/95); <u>Chandler v. Barry</u>, D.D.C. Civ. No. 95-

cv-01169 (order entered 6/2/95); <u>Chandler v. Moore</u>, D.D.C. Civ. No. 94-cv-01340

(order entered 12/21/94), and of plaintiff's allegation that, at the time he filed the

---

[1] Section 1915(g), also known as the "three strikes" rule, provides as follows:

> In no event shall a prisoner bring a civil action or appeal
> a judgment in a civil action or proceeding under this
> section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an
> action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious
> physical injury.

28 U.S.C. § 1915(g).

complaint, he was in "imminent danger" of physical harm from inmate Hill, who allegedly assaulted him, and further upon consideration of the holding of the Third Circuit Court of Appeals that when a plaintiff's claim of the "imminent danger" exception to Section 1915(g) is challenged, a determination must be made regarding the credibility of plaintiff's imminent danger claim, <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997) (overruled on other grounds), and that, in doing so, the district court may rely upon evidence supplied by sworn affidavits or depositions or, alternatively, may hold a hearing, <u>id.</u> at 86-87, and noting that, to this end, the defendants have submitted the declaration of J. Benfer, Special Investigative Services Lieutenant at the United States Penitentiary at Lewisburg, indicating that as of August 8, 2011, plaintiff and Hill were given an assignment of separation in the Federal Bureau of Prisons ("BOP") Central Inmate Monitoring System,[2] and, according to the housing assignment histories of plaintiff and inmate Hill, they were both housed on D Block on September 8, 2011 (when plaintiff signed his complaint), but when he filed the complaint on October 12, 2011, plaintiff was housed on D Block and inmate Hill was housed on C Block, (<u>see</u> Doc. 39-1 at 6, 15), clearly demonstrating that plaintiff was not in imminent harm at the time he filed the complaint,[3] <u>see</u> <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 312, 314 (3d Cir. 2001) (<i>en banc</i>) (interpreting "is under

---

[2]Inmates with an assignment of separation may not come into physical contact with one another. (Doc. 39-1, ¶ 3.)

[3]Hill was ostensibly transferred to C Block on September 30, 2011, twelve days before plaintiff filed his complaint. (Doc. 39-1, at 15.)

2

imminent danger" to relate to the time when "a prisoner bring[s] a civil action");

also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (finding that "imminent

danger" exception is available "for genuine emergencies," where "time is pressing"

and "a threat . . . is real and proximate"), it is hereby ORDERED that:

1. The motion (Doc. 38) to reassess and remove plaintiff's *in forma pauperis* status is GRANTED.

2. Plaintiff's *in forma pauperis* status is REVOKED and the complaint is dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

3. The Administrative Order (Doc. 27) is VACATED. The Clerk of Court is directed to NOTIFY the Superintendent/Warden at plaintiff's current place of incarceration forthwith.

4. Plaintiff's motion (Doc. 57) for default is DENIED.

5. The Clerk of Court is directed to CLOSE this case.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania